UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUPERT FLOWERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>B. JOHNSON, et al.,<br><br>　　　　Defendants. | CASE NO. 1:15-cv-01778- MJS (PC)<br><br>**ORDER**<br><br>**(1) GRANTING MOTION TO AMEND,**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL,**<br><br>**(3) DENYING MOTION FOR PRELIMINARY INJUNCTION, AND**<br><br>**(4) FINDING COGNIZABLE CLAIMS AGAINST DEFENDANTS MARTINEZ, JOHNSON, AND MARSH IN THEIR INDIVIDUAL CAPACITIES, AND DIRECTING PLAINTIFF TO SUBMIT SERVICE DOCUMENTS**<br><br>**(ECF NOS. 8, 9, and 11)**<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the undersigned's jurisdiction. (ECF No. 6.)

　　　　On February 8, 2016, the Court screened Plaintiff's complaint and found it to state cognizable claims against Defendants Martinez, Johnson, and Marsh in their individual capacities. (ECF No. 7.)

Now pending are three motions filed by Plaintiff: (1) a February 16, 2016, motion to amend (ECF No. 8), (2) a February 24, 2016, motion to appoint counsel (ECF No. 9), and (3) a February 25, 2016, motion for preliminary injunction (ECF No. 11). Also before the undersigned is Plaintiff's lodged First Amended Complaint for screening. (ECF No. 10.)

I.   **MOTION TO AMEND**

Plaintiff first moves to amend his pleading to correct certain errors and to include additional facts. Since Plaintiff's complaint has not yet been served, he may amend once as a matter of course pursuant to Federal Rule of Civil Procedure 15(a). Accordingly, Plaintiff's motion will be granted.

II.  **MOTION TO APPOINT COUNSEL**

Plaintiff also moves the Court for the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court  must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is

not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id. This motion will therefore be denied.

### III. SCREENING OF FIRST AMENDED COMPLAINT

#### A. Screening Requirement

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

#### B. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### C. Plaintiff's Allegations

The acts giving rise to this action occurred while Plaintiff was housed at California State Prison in Corcoran, California ("CSP-Corcoran"). Plaintiff names as Defendants Correctional Officers ("CO") B. Johnson and M. Martinez, and Correctional Lieutenant ("CL") T. Marsh.

Plaintiff's allegations can be fairly summarized as follows[1]:

On December 3, 2014, Defendants CO Martinez and Johnson severely assaulted Plaintiff without cause, resulting in a fractured jaw and permanent injuries, including loss of taste and smell. Lt. Marsh witnessed the assault but took no action to stop it. Lt. Marsh also failed to summon medical care following the attack.

Plaintiff brings this damages suit against the Defendants in their individual and official capacities.

### D. Analysis

#### 1. Eighth Amendment Excessive Force

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "... embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison

---

[1] The allegations in Plaintiff's First Amended Complaint are substantially identical to those asserted in his original pleading but for the addition of certain details that do not alter the Court's analysis on screening.

4

officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

When prison officials stand accused of using excessive force, the core judicial inquiry is "... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. See Whitley, 475 U.S. at 320-21. In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. See Hudson, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). The lack of injuries is also probative. See Hudson, 503 U.S. at 7-9. Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321-22.

With these standards in mind, the Court finds that Plaintiff's allegations against COs Johnson and Martinez are sufficient to state a claim for excessive force. He asserts that these Defendants assaulted him viciously without cause, resulting in significant and permanent injuries. Plaintiff may therefore proceed against these two Defendants on an Eighth Amendment excessive force claim.

### 2. Eighth Amendment Failure to Intervene

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). A prisoner's rights can be violated by a prison official's deliberate indifference by failing to intervene. Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). Deliberate indifference occurs where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040. However, an officer can only be held liable for failing to intercede if he had a realistic opportunity to intercede and failed to do so. Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

As discussed, Plaintiff states a viable excessive force claim against Defendants Johnson and Martinez. In his First Amended Complaint, he also alleges that Lt. Marsh witnessed the attack, had the opportunity to intervene, and yet failed to intervene. This is sufficient to state a cognizable claim against Lt. Marsh.

### 3. Eighth Amendment Indifference to Medical Needs

Plaintiff also brings a claim of medical indifference against Lt. Marsh for allegedly failing to summon medical care following the attack. The Eighth Amendment entitles prisoners to medical care, and a prison official violates the Amendment when he acts with deliberate indifference to an inmate's serious medical needs. Estelle, 429 U.S. at 104 (1976); Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "[A] serious medical need is present whenever the 'failure to treat a prisoner's

condition could result in further significant injury or the unnecessary and wanton infliction of pain." Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (citing McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)); see also Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (a serious medical need exists where inmate has an injury that a reasonable doctor would find worthy of comment or treatment or suffers chronic and substantial pain.) Even assuming that Lt. Marsh did not summon medical care following the attack, Plaintiff fails to state a claim since he has not alleged any injury as a result of this conduct. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). Plaintiff, in fact, avers that he was seen by medical staff just a few hours later. Plaintiff thus fails to state a claim against Lt. Marsh for indifference to medical needs.

### 4. Eleventh Amendment Immunity

The Eleventh Amendment bars Plaintiff's claims for damages against the named Defendants in their official capacities. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996). State officers acting in their official capacities receive the same immunity as the government agency that employs them. Hafer v. Melo, 502 U.S. 21 (1991). Thus, a state prison officials sued for damages in his or her official capacity is entitled to Eleventh Amendment immunity. Plaintiff's claims for damages against the Defendants in their official capacities are therefore dismissed. He may, nonetheless, continue with his claims against the Defendants in their individual capacities. Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir. 1995).

### IV. MOTION FOR PRELIMINARY INJUNCTION

Lastly, Plaintiff filed a motion for an emergency preliminary injunction seeking immediate and adequate medical care. Plaintiff seeks an order directing non-party C. McCabe, Chief Medical Officer ("CMO") at CSP-Corcoran, to provide medical care for injuries that Plaintiff sustained following the attack by the Defendants.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show either a likelihood of success on the merits of the underlying controversy and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. See Oakland Tribune, 762 F.2d at 1376. Under any formulation of the test, however, the moving party must demonstrate that there exists a significant threat of irreparable injury. See id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. See id. The loss of money, or an injury whose measure of damages can be calculated in terms of money, will not be considered irreparable. See id. at 1334-35.

As noted, Plaintiff's claim arises from the Defendant Correctional Officers' attack and/or failure to intervene in an attack on Plaintiff. In this motion, Plaintiff asserts that he received inadequate medical care following the incident, and he moves for an order directing CMO McCabe to provide him with quick and adequate care. This claim, however, was not raised in Plaintiff's pleading in general and certainly not against this individual in particular. Generally, it is appropriate to grant in a preliminary injunction "intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945). A court should not issue an injunction when the relief sought is not of the same character, and the injunction deals with a matter lying wholly outside the issues in the underlying action. Id. Also, as a general rule, a court may not enter an injunction against persons who are not parties to the case before it absent some substantial relationship, which is absent here. See Zepeda v. U.S. INS, 753 F.2d 719, 727 (9th Cir. 1984). Even assuming there is a

substantial relationship between CMO McCabe and the conduct underlying this action, Plaintiff admits that following the attack, he was prescribed pain medication and nutritional supplements, he received a neck brace, he received multiple x-rays and two CAT scans, and he was seen by an Eye, Note, and Throat specialist. He also states that he is currently awaiting another appointment with an Eye, Nose, and Throat specialist. At this time, then, the Court cannot say that Plaintiff is under a significant threat of irreparable injury. Plaintiff's motion will be denied.

## V.   CONCLUSION AND ORDER

Plaintiff states cognizable claims, as set forth supra, against Defendants Martinez, Johnson and Marsh in their individual capacities. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 8) is GRANTED;
2. The Clerk of the Court shall file the First Amended Complaint, lodged February 24, 2016;
3. Plaintiff's motion for appointment of counsel (ECF No. 9) is DENIED;
4. Plaintiff's motion for preliminary injunction (ECF No. 11) is DENIED;
5. Service should be initiated on Defendants Martinez, Johnson and Marsh;
6. The Clerk of the Court should send Plaintiff three (3) USM-285 form, three (3) summons, a Notice of Submission of Documents form, an instruction sheet, and a copy of the First Amended Complaint;
6. Within thirty (30) days from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:
    a. Three (3) completed summonses;
    b. Three (3) completed USM-285 forms for each Defendant listed above; and
    c. Four (4) copies of the First Amended Complaint;

      7.    Plaintiff need not attempt service on the Defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named Defendants pursuant to Fed. R. Civ. P. 4 without payment of costs; and

      8.    The failure to comply with this order will result in dismissal of Plaintiff's claims.

IT IS SO ORDERED.

Dated:   March 5, 2016          /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE