UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUPERT FLOWERS,<br><br>    Plaintiff,<br><br>v.<br><br>B. JOHNSON, et al.,<br><br>    Defendants. | CASE NO. 1:15-cv-01778-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS**<br><br>**(ECF No. 12)**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the undersigned's jurisdiction. (ECF No. 6.) Defendants have declined to consent to Magistrate Judge jurisdiction. (ECF No. 35.)

On March 7, 2016, the Court screened Plaintiff's First Amended Complaint and dismissed Plaintiff's Eighth Amendment medical indifference claim against Lt. Marsh and his official capacity claim against all Defendants. (ECF No. 13.)  This case has proceeded on Plaintiff's remaining claims.

I. **Williams v. King**

Federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire sua sponte whenever a doubt arises as to [its] existence[.]"

Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted). On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, 875 F.3d 500 (9th Cir. Nov. 9, 2017). Accordingly, the Court held that a Magistrate Judge does not have jurisdiction to dismiss a case or claims with prejudice during screening even if the Plaintiff has consented to Magistrate Judge jurisdiction. Id.

Here, Defendants were not yet served at the time that the Court screened the First Amended Complaint and therefore had not appeared or consented to Magistrate Judge jurisdiction. Because Defendants had not consented, the undersigned's dismissal of Plaintiff's claims is invalid under Williams. Because the undersigned nevertheless stands by the analysis in his previous screening order, he will below recommend to the District Judge that the non-cognizable claims be dismissed.

## II. Findings and Recommendations on First Amended Complaint

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Pleading Standard

Section 1983 provides a cause of action against any person who deprives an

individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### C. Plaintiff's Allegations

The acts giving rise to this action occurred while Plaintiff was housed at California State Prison in Corcoran, California ("CSP-Corcoran"). Plaintiff names as Defendants Correctional Officers ("CO") B. Johnson and M. Martinez, and Correctional Lieutenant ("CL") T. Marsh.

Plaintiff's allegations can be fairly summarized as follows[1]:

On December 3, 2014, Defendants CO Martinez and Johnson severely assaulted Plaintiff without cause, resulting in a fractured jaw and permanent injuries, including loss

---

[1] The allegations in Plaintiff's First Amended Complaint are substantially identical to those asserted in his original pleading but for the addition of certain details that do not alter the Court's analysis on screening.

3

of taste and smell. Lt. Marsh witnessed the assault but took no action to stop it. Lt. Marsh also failed to summon medical care following the attack.

Plaintiff brings this damages suit against the Defendants in their individual and official capacities.

**D.    Analysis**

**1.  Eighth Amendment Excessive Force**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "... embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

When prison officials stand accused of using excessive force, the core judicial inquiry is "... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison

4

officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. See Whitley, 475 U.S. at 320-21. In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. See Hudson, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). The lack of injuries is also probative. See Hudson, 503 U.S. at 7-9. Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321-22.

With these standards in mind, the Court finds that Plaintiff's allegations against COs Johnson and Martinez are sufficient to state a claim for excessive force. He asserts that these Defendants assaulted him viciously without cause, resulting in significant and permanent injuries. Plaintiff may therefore proceed against these two Defendants on an Eighth Amendment excessive force claim.

## 2. Eighth Amendment Failure to Intervene

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). A prisoner's rights can be violated by a prison official's deliberate indifference by failing to intervene. Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). Deliberate indifference occurs where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040. However, an officer can only be held liable for failing to intercede if he had a realistic opportunity to intercede and failed to do so. Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

As discussed, Plaintiff states a viable excessive force claim against Defendants Johnson and Martinez. In his First Amended Complaint, he also alleges that Lt. Marsh witnessed the attack, had the opportunity to intervene, and yet failed to intervene. This is sufficient to state a cognizable claim against Lt. Marsh.

### 3. Eighth Amendment Indifference to Medical Needs

Plaintiff also brings a claim of medical indifference against Lt. Marsh for allegedly failing to summon medical care following the attack. The Eighth Amendment entitles prisoners to medical care, and a prison official violates the Amendment when he acts with deliberate indifference to an inmate's serious medical needs. Estelle, 429 U.S. at 104 (1976); Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "[A] serious medical need is present whenever the 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (citing McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)); see also Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (a serious medical need exists where inmate has an injury that a reasonable doctor would find worthy of comment or treatment or suffers chronic and substantial pain.) Even assuming that Lt. Marsh did not summon medical care following the attack, Plaintiff fails to state a claim since he has not alleged any injury as a result of this conduct. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). Plaintiff, in fact, avers that he was seen by medical staff just a few hours later. Plaintiff thus fails to state a claim against Lt. Marsh for indifference to medical needs.

### 4. Eleventh Amendment Immunity

The Eleventh Amendment bars Plaintiff's claims for damages against the named Defendants in their official capacities. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996). State officers acting in their official capacities receive the same immunity as the

government agency that employs them. Hafer v. Melo, 502 U.S. 21 (1991). Thus, a state prison officials sued for damages in his or her official capacity is entitled to Eleventh Amendment immunity. Plaintiff's claims for damages against the Defendants in their official capacities are therefore dismissed. He may, nonetheless, continue with his claims against the Defendants in their individual capacities. Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir. 1995).

**III.    Conclusion**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Eighth Amendment medical indifference claim against Lt. Marsh and his official capacity claim against all Defendants be dismissed with prejudice; and

2. This case proceed on Plaintiff's Eighth Amendment excessive force claims against Defendants Martinez and Johnson in their individual capacities, and Plaintiff's Eighth Amendment failure to intervene against Defendant Lt. Marsh in his individual capacity; and

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   January 9, 2018        /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

7