UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUPERT FLOWERS,<br><br>    Plaintiff,<br><br>v.<br><br>B. JOHNSON,<br><br>    Defendant. | CASE NO. 1:15-cv-01778-AWI-MJS (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS**<br><br>(ECF No. 47) |

Plaintiff is a state prisoner proceeding prose and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 7, 2016, the Magistrate Judge screened Plaintiff's first amended complaint and dismissed Plaintiff's Eighth Amendment medical indifference claim against Lt. Marsh and his official capacity claim against all Defendants. (ECF No. 13.) This case has proceeded on Plaintiff's remaining claims.

On January 10, 2018, the Magistrate Judge re-screened Plaintiff's first amended complaint, recognizing that a recent Ninth Circuit opinion, Williams v. King, 875 F.3d 500 (9th Cir. 2017), held that a magistrate judge does not have jurisdiction to dismiss claims with prejudice in screening prisoner complaints absent the consent of all parties, even if

the plaintiff has consented to magistrate judge jurisdiction, as plaintiff had here. (ECF No. 47.) Concurrently, the Magistrate Judge issued findings and recommendations recommending that the undersigned dismiss the non-cognizable claims. (Id.) The parties were given fourteen days to file objections to those findings and recommendations. No objections were filed, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court has conducted a de novo review of Plaintiff's case. The Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, it is HEREBY ORDERED that:

1. The findings and recommendations issued January 10, 2018 (Doc. No. 47), are adopted in full; and
2. Plaintiff's Eighth Amendment medical indifference claim against Lt. Marsh and his official capacity claim against all Defendants are DISMISSED with prejudice; and
3. This case shall continue to proceed on Plaintiff's Eighth Amendment excessive force claims against Defendants Martinez and Johnson in their individual capacities, and Plaintiff's Eighth Amendment failure to intervene against Defendant Lt. Marsh in his individual capacity[1].

IT IS SO ORDERED.

Dated: February 7, 2018

SENIOR DISTRICT JUDGE

---

[1] As stated in the Court's January 29, 2018, order on Defendants' motion for summary judgment, the failure to intervene claim is limited to an alleged assault that occurred outside of the Program Office. (ECF No. 48.)