# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBERT FLOWERS,<br><br>        Plaintiff,<br>v.<br>B. JOHNSON, et al.,<br><br>        Defendants. | Case No.: 1:15-cv-01778-JLT<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES**<br><br>**(Doc. 58)** |

Plaintiff is proceeding to trial in this action on claims that Martinez and Johnson violated his Eighth Amendment right to be free from excessive force and against Marsh for failing to intervene. On April 9, 2018, Plaintiff filed a motion seeking the attendance of inmates "Leavy #V40054" and "Cage #AA9208" to appear and testify at the trial of this matter. (Doc. 58.) For the reasons discussed below, Plaintiff's motion for attendance of these inmates is **GRANTED IN PART AND DENIED IN PART**.

## I. Factual Background

This case is based on an incident Plaintiff's claims occurred on December 3, 2014, at CSP-Cor. (Doc. 12.) On that day, as Plaintiff attempted to leave the Facility 3A Program Office, Officer Martinez blocked the door so that he could not exit, would not move, then aggressively pulled Plaintiff's hands behind his back, tightly handcuffed him, and pulled Plaintiff's arms up in the air while simultaneously pushing Plaintiff forward. (*Id.* at 3-4.) As Plaintiff lost his balance,

Officer Johnson approached from behind and stated, "I got it." (*Id.* at 4.) Plaintiff claims Johnson slammed Plaintiff face first on to the ground, roughly pressed his thumb into the soft area behind Plaintiff's ear, kneeled on Plaintiff's back, and twisted Plaintiff's knees, while Martinez kneed Plaintiff in the torso. (*Id.*) Plaintiff was in excruciating pain and begged for them to stop. (*Id.*) Plaintiff claims Lieutenant Marsh watched the assault but failed to intervene and protect him. (*Id.* at 5.)

## II. Discussion and Analysis

In determining whether to grant Plaintiff's motions for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Plaintiff must show that the anticipated testimony of each inmate he desires to call as a witness will substantially further resolution of the case, which as stated in the Scheduling Order, requires showing the inmate is willing to testify and has actual knowledge of relevant facts. (Doc. 51, pp. 2-4.) This can be shown by filing a declaration, either by Plaintiff or the prospective witness, that is "specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or hear what occurred at the time it occurred." (*Id.*) Plaintiff submitted a declaration with his motion indicating the information he expects to elicit out of each of his desired incarcerated witnesses. (Doc. 58, pp. 1-3.)

### A. Leavy (#V40054)

In his declaration, Plaintiff states that on December 3, 2014, IM Leavy #V40054 was housed on Facility 3A in CSP-Cor. (Doc. 58, ¶ 5.) Plaintiff attests that IM Leavy told Plaintiff

that he witnessed Defendants Johnson and Martinez assault Plaintiff in front of the Facility 3A Program Office. (*Id.*, ¶7.) Plaintiff also states that IM Leavy occupied a stand-alone yard cage adjacent to the one in which Plaintiff was placed after the assault. At that time, Plaintiff asserts that IM Leavy said he observed the assault (*Id.*, ¶¶ 8-9) and was willing to testify. (*Id.* at ¶ 10) At first glance, this generally appears to meet the burden as the moving party to justify transportation of IM Leavy #V40054 to testify on Plaintiff's behalf.

However, Plaintiff's declaration does not show the proximity of IM Leavy's presence on the Facility 3A yard that allowed him to see Plaintiff being attacked in front of the Program Office. Nor does Plaintiff provide any information regarding the view of the front of the Program Office from the stand-alone yard cages for the Court to find that IM Leavy's presence in a cage adjacent to the one Plaintiff was placed in after the alleged attack necessarily allowed him to be a percipient witness.

Even still, Defendants' opposition shows that there is no CDCR inmate with the surname "Leavy" and CDCR number "V40054." (Doc. 66.) Rather, the CDCR Inmate Locator shows that CDCR number "V40054" is assigned to another inmate with a name that is not remotely similar. In addition, neither of the two CDCR inmates[1] with the surname "Leavy" are housed at CSP-Cor. Hence, the Court finds there is no IM "Leavy, #V40054" whose presence will substantially further resolution of the case. *Wiggins*, 717 F.2d at 468. Plaintiff fails to show that IM "Leavy, #V40054" has actual knowledge of relevant facts to warrant transportation for his testimony in the trial of this action. More important, he fails to provide sufficient information for this Court to order the inmate transported. Thus, the motion in this regard is **DENIED**.

**B. Cage (#AA9208)**

In his declaration, Plaintiff states that on December 3, 2014, IM Cage #AA9208 was housed on Facility 3A in CSP-Cor. (Doc. 58, ¶ 4.) Plaintiff attests that IM Cage told Plaintiff that he witnessed Defendants Johnson and Martinez assault Plaintiff in front of the Facility 3A Program Office. (*Id.*, ¶6.) Plaintiff makes the same assertions about IM Cage as he did about IM

---

[1] Neither of these inmates' CDCR numbers are remotely similar to "V40054."

3

Laevy. (*Id.*, ¶¶ 8-10).

Once again, Plaintiff's declaration does not show the proximity of IM Cage's presence on the Facility 3A yard that allowed him to see Plaintiff being attacked in front of the Program Office. Nor does Plaintiff provide statements regarding the view of the front of the Program Office from the stand-alone yard cages for the Court to find that IM Cage's presence in a cage adjacent to the one Plaintiff was placed in after the alleged attack necessarily allowed IM Cage to be a percipient witness. However, Plaintiff submitted a copy of a document titled "Summary of statements made by witnesses," purportedly produced in discovery, in which the inmate witness names have been redacted. (Doc. 58, p. 5.) While the first inmate witness had no knowledge of Plaintiff or the incident, the second inmate gave a detailed statement of having witnessed events similar to the assertions Plaintiff alleges in this action. (*Id.*) Thus, Plaintiff has met his burden of showing that IM Cage has actual knowledge of relevant facts.

Defendants' opposing evidence shows that when defense counsel contacted IM Cage on April 24, 2018, he reported he had no recollection of Plaintiff or of any of the events which Plaintiff alleges occurred on December 3, 2014. (Doc. 66, pp, 5-6.) This may be explained by the lapse of years since the events at issue in this action and Plaintiff's lack of contact with IM Cage since December 19, 2014, when Plaintiff as removed from the prison general population and placed on a sensitive needs yard. (Doc. 58, ¶¶ 11-13.) Plaintiff may be able to refresh IM Cage's recollection of the alleged December 3, 2014 events. Hence, the Court finds that IM Cage's presence may substantially further resolution of the case, *Wiggins*, 717 F.2d at 468, to warrant transportation for his testimony in the trial of this action.

**III. Order**

Based on the foregoing, the Court **ORDERS:**

1. Plaintiff's motion for attendance of incarcerated witnesses at the trial of this matter, filed on April 9, 2018 (Doc. 58), is **GRANTED** as to IM Cage #AA9208,[2] but **DENIED** as to IM Leavy #V40054;

---

[2] A transportation writ for IM Cage's attendance will issue separately.

4

2. The Clerk of the Court is **DIRECTED** to serve a copy of this order to inmate Cage at his current housing location. If Mr. Cage objects to being compelled to attend the trial and to give testimony, he may file his objections within 30 days. His objections may be in the form of a letter.

IT IS SO ORDERED.

Dated: **May 25, 2018**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE