# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUPERT FLOWERS,<br><br>    Plaintiff,<br><br>    v.<br><br>B. JOHNSON, et al.,<br><br>    Defendants. | 1:15-cv-01778-JLT (PC)<br><br>**ORDER GRANTING REQUESTS TO AMEND PRETRIAL ORDER (Docs. 78, 80)**<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF AN EXPERT AND APPOINTMENT OF COUNSEL (Doc. 76)** |

The defendants have requested their witness list be amended to substitute Tony Diaz to for Raul Morales, due to Mr. Morales' unavailability for trial. (Doc. 78) Also, they seek to replace V. Bustos for J. Navarro, due to counsel's error. (Doc. 80) The Court sees no prejudice that would result in the amendments.

In addition, the plaintiff asks the Court to appoint him an expert or, if this request is denied, to appoint him counsel. (Doc. 76) Under 28 U.S.C. § 1915, federal courts may permit an indigent party to file suit without prepaying fees and costs. That statute does not authorize courts to subsidize expert fees, however. Hadsell v. IRS, 107 F.3d 750, 752 (9th Cir. 1997) (relying on Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam)). Though the Court cannot pay for the expert plaintiff seeks, Federal Rule of Evidence 706 authorizes the Court to appoint an expert witness and apportion the fee among the parties. Where, as here, one party is indigent, the Court has discretion to apportion the entire fee to the other side. McKinney v. Anderson, 924 F.2d

1500, 1511 (9th Cir. 1991), vacated and remanded on other grounds by Helling v. McKinney, 502 U.S. 903 (1991). Nevertheless, Rule 706 allows only for the appointment of a *neutral* expert. It does not provide for the appointment of an expert on plaintiff's behalf. Gorton v. Todd, 793 F.Supp.2d 1171, 1177-78 (E.D. Cal. 2011). Accordingly, that request is **DENIED**.

The plaintiff, once again, requests appointment of an attorney, if the Court denies his request for appointment of an expert. (Doc. 76). He asserts that his inexperience in legal matters will prolong the trial and the superior ability of a lawyer to cross examine the witnesses, as justification for the appointment. Id. at 5. These reasons, in essence, are the same that he put forth in his prior motions for appointment of counsel. (Docs. 27, 61) For the same reasons Mr. Flowers' prior request for counsel was denied[1] (Doc. 64), the Court **DENIES** this current request.

**ORDER**

Based upon the foregoing, the Court **ORDERS:**

1. The requests to modify the pretrial order (Docs. 78, 80) are **GRANTED**. Tony Diaz is substituted for Raul Morales and V. Bustos is substituted for J. Navarro;

2. The plaintiff's request for appointment of an expert or a lawyer are **DENIED**.

IT IS SO ORDERED.

Dated: **July 20, 2018**            **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Moreover, the Court has been unable to locate a lawyer willing to accept appointment in this case.

2