# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUPERT FLOWERS, | Case No.: 1:15-cv-01778-JLT (PC) |
| Plaintiff, | ORDER ON MOTIONS IN LIMINE |
| v. | (Doc. 79) |
| B. JOHNSON, et al., | |
| Defendants. | |

Rupert Flowers asserts that Correctional Officers Martinez and Johnson assaulted him and used excessive force on him in violation of the Constitution. Plaintiff also asserts that Correctional Lieutenant Marsh witnessed the assault but took no action to stop it.

## I.  Background

On December 3, 2014, a fight broke out on the East Side Yard of Corcoran State Prison. (Doc. 75 at 2). Plaintiff was placed in handcuffs and escorted to a holding cell, though he alleges he was not involved in the fight. (*Id.* at 2–3). After some time, Plaintiff was released from the holding cell and directed to return to his housing unit. (*Id.* at 2). Plaintiff alleges that while he was escorted to his housing unit in handcuffs that had been applied too tightly and aggressively, Officer Johnson slammed Plaintiff to the ground. (Doc. 12 at 4).

Plaintiff alleges that, after he was slammed to the ground, Officer Martinez and Officer Johnson proceeded to assault Plaintiff. (*Id.*). Plaintiff also alleges that, while Officers Martinez and

1

Officer Johnson assaulted him and used excessive force, Lieutenant Marsh watched and did not intervene. (*Id.* at 5). Finally, Plaintiff alleges that, due to Defendants' actions, he suffered a fractured jaw, sprained knee, and chronic sinus issues. (*Id.* at 6–7).

## II. Legal Standards Governing Motions in Limine

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). The Ninth Circuit explained motions in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury." *Brodit v. Cabra*, 350 F.3d 985, 1004-05 (9th Cir. 2003) (citations omitted).

Importantly, motions in limine seeking the exclusion of broad categories of evidence are disfavored. *See Sperberg v. Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). The Court "is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). The Sixth Circuit explained, "[A] better practice is to deal with questions of admissibility of evidence as they arise [in trial]" as opposed to ruling on a motion in limine. *Sperberg,* 519 F.2d at 712. Nevertheless, motions in limine are "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child & Family Services*, 115 F.3d 436, 440 (7th Cir. 1997).

"[A] motion in limine should not be used to resolve factual disputes or weigh evidence," *C & E Services, Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D. D.C. 2008), because that is the province of the jury. *See Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 150 (2000).

Moreover, the rulings on the motions in limine made here do not preclude either party from raising the admissibility of the evidence discussed here, if the evidence adduced at trial demonstrate a change of circumstances that would make the evidence admissible. In this event, the proponent of the evidence **SHALL** raise the issue outside the presence of the jury. Finally, the rulings made here are binding on all parties and not merely to the moving party.

///

## III. Defendant's Motions in Limine

### A. Defendant's Motion in Limine #1 (Doc. 79)

Defendants note that three of Plaintiff's claims have been dismissed. They move the Court to exclude evidence related to these dismissed claims, as well any evidence regarding defendants or events that were dismissed or those that are irrelevant to the remaining claims. (Doc. 79 at 2). Specifically, Defendants note Plaintiff's previously dismissed claim of medical indifference against Lt. Marsh, official capacity claims against all Defendants, and claims pertaining to Lt. Marsh's conduct prior to the alleged assault. (*Id.*).

As Defendants note, only relevant evidence is admissible at trial. Fed. R. Evid. 401, 402. However, some background facts regarding the events relevant to the dismissed claims may be relevant to existing claims. Therefore, the motion is **GRANTED** with respect to evidence of dismissed claims and otherwise irrelevant evidence, and Plaintiff **SHALL NOT** seek to introduce evidence as to claims that have been dismissed or that is irrelevant to his existing claims.

### B. Defendant's Motion in Limine #2 (Doc. 79)

Defendants move to exclude Plaintiff's opinion or inference testimony regarding his medical records, medical condition, or alleged injuries. (Doc. 79 at 3). Defendants contend that Plaintiff lacks the medical expertise, training, or education necessary to provide such testimony. (*Id.*). Defendants concede that Plaintiff may testify as to what he experienced and felt as a result of the alleged assault. (*Id.*).

Federal Rule of Evidence 701 provides that "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Furthermore, Rule 702 provides that a witness qualifies as an expert "by knowledge, skill, experience, training, or education." Fed. R. Evid. 702.

Plaintiff fails to demonstrate that he has any medical expertise, and thus, he will not be permitted to offer any medical opinion or to report on what medical professionals told him about his condition. However, Plaintiff may testify about his own perceptions of what he experienced when the

incident occurred. Additionally, he may testify as to how he feels now and how his physical condition impacts his life. He may also testify about the treatment he received to the extent he observed it, but not as to the results of any medical tests or procedures. For example, he may indicate that his injuries were bandaged, cleaned, x-rayed, etc., but he cannot report the results of medical tests like x-rays. Finally, Plaintiff may testify as to any other information that is within his own personal knowledge based upon his own perceptions, and, if relevant, he may cross-examine any testifying medical expert. In all other respects, Defendants' motion is **GRANTED**.

### C. Defendant's Motion in Limine #3 (Doc. 79)

Defendants move to exclude evidence of any other lawsuits, claims, or incidents alleging misconduct. (Doc. 79 at 3). They argue that such testimony or evidence would unnecessarily confuse the issues for the jury, waste time, and create unfair prejudice. (*Id.* at 3–4). Furthermore, Defendants argue that Federal Rule of Evidence 404 prohibits such evidence. (*Id.*).

Federal Rules of Evidence 404(a) provides "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). More specifically, Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). With respect to Eighth Amendment excessive force claims, relevant considerations include "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). These factors are all highly contextual and rely on the specific facts of the alleged incident.

Rule 404(b) provides that prior acts evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). The court will admit Rule 404(b) evidence if "(1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." *U.S. v. Estrada*, 453 F.3d 1208, 1213 (9th

4

Cir. 2006) (citing *U.S. v. Verduzco*, 373 F.3d 1022, 1027 (9th Cir. 2004)). While intent is at issue in Eighth Amendment claims of excessive force, *see Hudson*, 503 U.S. at 6 ("whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm"), Plaintiff's complaint only alleges evidence of prior complaints and declarations from other inmates who claim to have been victims of excessive force, (Doc. 12 at 9). Such evidence is not sufficient to support a finding that Defendant committed the other acts.

Therefore, it is improper to seek to admit testimony or evidence of prior lawsuits, claims, or incidents alleging misconduct to show that Defendants are liable in this action. Unless there is a specific showing that prior complaints, investigations or lawsuits somehow bear on the issues raised in this litigation, Fed. R. Evid. 404(b), they are irrelevant and will not be admitted. Thus, the motion is **GRANTED**.

### D. Defendant's Motion in Limine #4 (Doc. 79)

Defendants seek to exclude evidence or testimony of offers to compromise, as well as conduct or statements made during settlement negotiations. (Doc. 79 at 6). They argue that such evidence or testimony is inadmissible under Federal Rules of Evidence 408, irrelevant to any issue in the case, and would unfairly prejudice Defendants. (*Id.* at 7).

Federal Rules of Evidence 408 prohibits that either party introduce evidence of offers, acceptance, or attempts to compromise a claim, as well as any conduct or statements made during compromise negotiations about a claim. Fed. R. Evid. 408(a). Such evidence may not be introduced "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." *Id.* However, the court may admit such evidence "for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(b).

Therefore, evidence or testimony pertaining to offers to compromise, in addition to conduct or statements made during settlement negotiations, will be excluded to the extent it is introduced for purposes of proving or disproving liability, or for impeachment. Unless another purpose for admission of such evidence becomes apparent, Fed. R. Evid. 408(b), neither party is to introduce evidence regarding settlement negotiations. Thus, the motion is **GRANTED**.

### E. Defendant's Motion in Limine #5 (Doc. 79)

Defendants move to exclude evidence that Defendants may be indemnified for a judgment rendered against them. (Doc. 79 at 7). Defendants cite Federal Rules of Evidence 411 and argue that admission of such evidence would be both prejudicial and irrelevant to the issues. (*Id.*).

Rule 411 provides that "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411. However, Rule 411 also provides that "the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." *Id.* While Rule 411 generally applies to insurance, the Ninth Circuit has also found the rule applicable in the instance of government indemnification of a defendant. *See In re Hanford Nuclear Reservation Litigation*, 534 F.3d 986, 1014 (9th Cir. 2008) ("Evidence of indemnification is generally inadmissible but may be used to show prejudice or bias of a witness."). Moreover, without reference to Rule 411, the Ninth Circuit has held evidence of insurance or other indemnification is not admissible on the issue of damages, either compensatory or punitive. *Larez v. Holcomb*, 16 F.3d 1513, 1520 (9th Cir. 1994). Additionally, courts have granted motions in limine excluding evidence of indemnification by government entities. *See, e.g.*, *Ioane v. Spjute*, 2016 WL 4524752 *9 (E.D. Cal. 2016); *Quinn v. Fresno County Sheriff*, 2013 WL 12309356 *1 (E.D. Cal. 2013).Therefore, evidence that the State may indemnify Defendants will be excluded, unless admission of such evidence becomes relevant for proving a witness's bias or prejudice. Defendants' motion is **GRANTED**.

### F. Defendant's Motion in Limine #6 (Doc. 79)

Defendants seek to exclude evidence regarding personnel matters involving Defendants, including disciplinary actions or complaints filed against them. (Doc. 79 at 4). They argue that such evidence is privileged under California law and irrelevant to the issues at trial. (*Id.* at 5–6).

As discussed above, Federal Rules of Evidence 401 and 402 require that only relevant evidence be admitted. Fed. R. Evid. 401, 402. Rule 404 prohibits the admission of evidence of prior acts, although such evidence may be admitted when it bears on a relevant issue of intent. Fed. R. Evid. 404. However, only evidence sufficient to support a finding that a defendant committed the prior act is admissible. *Verduzco*, 373 F.3d at 1027. Complaints filed against Defendants alone are not sufficient

to support a finding that Defendants committed any prior acts that might bear on intent. Furthermore, given the highly contextual nature of Eighth Amendment excessive force claims, *see Hudson*, 503 U.S. at 7, evidence of prior acts is not relevant to determining liability. Therefore, prior complaints filed against Defendants contained within their personnel records will not be admitted. Moreover, information of a personal nature unrelated to prior complaints or disciplinary actions and contained only within Defendants' personnel records is unlikely to prove relevant to the issues at trial. Thus, the motion is **GRANTED**.

### G. Defendant's Motion in Limine #7 (Doc. 79)

Defendants seek to introduce evidence of felony convictions suffered by Plaintiff and any inmate-witness for purposes of impeachment. (Doc. 79 at 8). They argue that the credibility of Plaintiff and inmate-witness Cage will be a central issue at trial and evidence of felony convictions is probative because it speaks to the trustworthiness and veracity of testimony. (*Id.* at 9).

Federal Rules of Evidence 609 governs the admission of evidence of a conviction. Rule 609 provides that "for a crime that, in the convicting jurisdiction, was punishable... by imprisonment for more than one year, the evidence: (a) must be admitted, subject to Rule 403, in a civil case... in which the witness is not a defendant." Fed. R. Evid. 609. However, Rule 609 also provides "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later... [e]vidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." *Id.* Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

"[A]bsent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction." *U.S. v. Sine*, 493 F.3d 1021, 1036 n. 14 (9th Cir. 2007) (quoting *U.S. v. Rubio*, 727 F.2d 786, 797 n.5 (9th Cir. 1983)). "Generally, only the prior conviction, its general nature, and punishment of felony range are

7

fair game for testing the [witness's] credibility." *U.S. v. Osazuwa*, 546 F.3d 1169, 1175 (9th Cir. 2009) (quoting *U.S. v. Albers*, 93 F.3d 1469, 1480 (10th Cir. 1996)) (quoted text in both decisions referred to "defendant's credibility" specifically).

Defendants seek to allow admission of evidence of Plaintiff's 2009 robbery conviction and inmate-witness Cage's life sentence for first degree murder. (Doc. 79 at 9). The presumptive 10-year bar does not apply to either of these convictions, as both Plaintiff and inmate Cage remain incarcerated for their convictions. Therefore, the convictions may be admitted so long as the probative value is not substantially outweighed by the danger of unfair prejudice, confusion, misleading the jury, undue delay or waste of time, or would require cumulative evidence. Given the nature of the claims at issue, witness credibility is important in determining which party's account of the force used and the circumstances surrounding its use is more accurate. To the extent Defendants seek to introduce evidence of the fact of Plaintiff's 2009 robbery conviction and seventeen-year sentence and inmate Cage's first-degree murder conviction and life sentence, the motion is **GRANTED**.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Defendants' motions in limine #1 through #8 (Doc. 70) are **GRANTED**. No party, witness or attorney is permitted to refer to the evidence excluded by this order, unless for impeachment purposes or because it is admissible on grounds not considered here.

IT IS SO ORDERED.

Dated: __July 28, 2018__     /s/ Jennifer L. Thurston
                             UNITED STATES MAGISTRATE JUDGE